**FILED**

**NOT FOR PUBLICATION**

AUG 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MITSUI SUMITOMO INSURANCE USA, INC., a New York Corporation; MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, a New York Corporation,<br><br>    Plaintiffs-Appellants,<br><br> v.<br><br>TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, LTD., a Japanese Corporation,<br><br>    Defendant-Appellee. | No. 14-56337<br><br>D.C. No.<br>2:12-cv-09953-JAK-JCG<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted August 1, 2016
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs-Appellants Mitsui Sumitomo Insurance USA, Inc. and Mitsui Sumitomo Insurance Company of America (collectively "Mitsui") appeal the district court's grant of summary judgment on Mitsui's equitable contribution claims, and the district court's dismissal of Mitsui's bad faith claim in favor of Defendant-Appellee Tokio Marine & Nichido Fire Insurance Company Ltd ("Tokio"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court properly granted summary judgment on Mitsui's equitable contribution claim in favor of Tokio. "[W]here two or more insurers independently provide primary insurance on the same risk for which they are both liable for any loss to the same insured, the insurance carrier who pays the loss or defends a lawsuit against the insured is entitled to equitable contribution from the other insurer or insurers." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1289 (1998). However, Mitsui and Tokio did not share the same level of risk because the Tokio Marine policy ("TM policy") is an excess policy, not a primary one. The plain language of the TM policy, as amended by Endorsement 8, states that it applies "in excess of the greater of" either the retained limit or the amount collectible by "other insurance." Furthermore, the Endorsement replaced operative language on the first page of the policy indicating that the Endorsement is addressing the level of risk, primary vs. excess, and is not a

mere "other insurance" clause. *See Carmel Dev. Co. v. RLI Ins. Co.*, 126 Cal. App. 4th 502, 511 (2005). Thus, Mitsui's equitable contribution claim against Tokio fails.

2. The district court did not abuse its discretion in dismissing Mitsui's subrogated bad faith claim for improper venue under Federal Rule of Civil Procedure 12(b)(3). "[F]orum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotation marks omitted)). Here, the forum-selection clause in the TM policy was negotiated freely between two Japanese commercial entities, Kyocera Corporation and Tokio, who selected Japan as the forum to resolve any disputes and for Japanese law to apply. *See Bremen*, 407 U.S. at 16. Furthermore, this clause is distinguishable from other forum-selection clauses that operate to foreclose non-waivable statutory rights of consumers or employees. *Cf. Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083–84 (9th Cir. 2009) (per curiam).

3.      Finally, we deny Tokio's attorney fees request[1] which argues that Mitsui was prohibited from appealing the district court's dismissal of the subrogated bad faith claim alleged in the First Amended Complaint because that complaint was superseded by the Second Amended Complaint. Tokio does not state the authority that entitles it to fees nor does it provide supporting documentation. *See* 9th Cir. R. 39-1.6 (b) ("A request for an award of attorneys fees must be supported by a memorandum showing that the party seeking fees is legally entitled to them and must be accompanied by [supporting documentation].").  Additionally, there simply was no basis to show that there was any impropriety in appealing from the First Amended Complaint.  "For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.  But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Although the district court dismissed the bad faith claim "without prejudice" to "renew[]" the claim in Japan, the court involuntarily dismissed the bad faith claim without granting leave to amend.  Like *Lacey*, requiring Mitsui to replead this

---

[1]Our denial of Tokio's motion is without prejudice.  Pursuant to the Federal Rules of Appellate Procedure, a prevailing party may file a bill of costs. *See* Fed. R. App. P. 39.

4

claim would have been "unfair" and a "wast[e] [of] resources." *Id.* Thus, we hold that Mitsui did not need to re-plead its bad faith claim in order to preserve its ability to appeal its dismissal.

**AFFIRMED.**